Dewey, J.
1. It is objected to maintaining this action, that the covenant was one not possible to be performed, and so no action lies for the breach of it. But we think this view of the case is fundamentally erroneous. It is true that, talcing the promise of the defendants literally, the note was to be paid according to its tenor, and, the time specified in the note for *134 payment having already past, when the covenant was entered into, the note could not be paid at the day stipulated in the note. But the contract is to be construed with reference to the state of things then known to the parties as existing, and, it being thus known to them, that the day of payment of the note had already passed, the parties must be understood to be contracting in reference to a note overdue, and the guaranty was equivalent to a stipulation for payment of a note payable on demand.
2. The contract being under seal, no further proof of consideration was required. Contracts under seal avail by their solemnity, and sufficient evidence of consideration is thereby shown. If any further consideration was requisite, we apprehend the relation of these parties, as to their interest in the premises held by the plaintiff as mortgagee, and by the guarantor as the owner of the equity of redemption, and thereby to be benefited by the delay in foreclosing the mortgage, might be held to raise a sufficient consideration for the promise of the defendant. Adams v. Bean, 12 Mass. 138.
3. This covenant is not one, the performance of which was to be postponed until the mortgage security had been made available, and the proceeds applied to the note, leaving the guarantor liable only for the deficiency. On the other hand, he might at once be called upon to pay the same, leaving him the full benefit of the security in the land, so far as the same was not enforced by the mortgagee.
4. It is then said that the breach of the covenant is not well alleged in the declaration. This point is not properly raised on the trial, to the jury, of the issues of fact. If the declaration is defective the defendant should take the objection either by a demurrer or a motion in arrest of judgment. The question being stated in the report, we have, however, considered it, and, treating it as a motion in arrest of judgment, are of opinion that it cannot prevail. It is true that the breach is not assigned in the most apt words, alleging, as it does, that “the said Gilbert has not paid said note and interest, but wholly neglects and refuses,” &c., instead of averring “ that the note had not been paid.” But, after verdict, this defect is *135 cured, inasmuch as the plaintiff, to have maintained his action upon this covenant, would necessarily have been required to show the note unpaid. The first step would be to show the debt as still undischarged, and, if not paid, it would meet the broader issue, which should have been' presented on a proper assignment of the breach of the covenant.
.5. A further point was taken at the argument, though not raised in the report of the case, as to the want of an allegation of notice to the defendant of non-payment of the note. Whether such notice is necessary at all when the guaranty is for the payment of a certain sum, and absolute at all events, it is not necessary now to consider. After verdict the objection comes too late. If the declaration was defective, in not alleging notice to the defendant, the defect is cured by the verdict. Colt v. Root, 17 Mass. 229. In the present case, however, this objection is not properly before us in any form.

Judgment on the verdict for the plaintiffs.